Vosburg v. So. Lumber & Mfg. Co.

W. W. VOSBURG *v.* SOUTHERN LUMBER & MFG. CO.*

(*Nashville.* December Term, 1922.)

1. **SALES.** Where time limit for delivery waived, purchaser cannot sue for breach until reasonable notice to perform.

Where the time limit for delivery of goods purchased has been waived, the purchaser, before he can terminate the contract and sue for its breach, must notify the seller to perform within a reasonable time. (*Post, pp.* 649, 650.)

Case cited and approved: Tennessee Fertilizer Co. v. International Agr. Corp., 146 Tenn., 450.

Case cited and distinguished: Wildberg Box Co. v. Darby, 143 Tenn., 81.

2. **SALES.** Where purchaser waived time of delivery, subsequent notice demanding immediate performance not sufficient.

Where a contract for the sale of lumber for prompt shipment was partly performed, but the balance not delivered, and the purchaser during the succeeding two years frequently wrote requesting delivery, the purchaser thereby waived the time limit, and a subsequent letter warning the defendant that drastic action would be taken if something were not done immediately, if construed as a notice to ship the lumber, was not a sufficient notice, in that it demanded immediate performance, instead of extending to the seller a reasonable time within which to delivery. (*Post, p.* 650.)

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.— HON. JAS. B. NEWMAN, Chancellor.

---

*Time for delivery of goods sold to be delivered in reasonable instalments, or in instalments as required by purchaser is discussed in note in L. R. A., 1918A, 609 .

A. W. AKERS, for appellant.

EDWIN A. PRICE and THOS. W. SCHLATER, JR., for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

In October, 1917, the complainant purchased from the defendant, for prompt shipment, about 94,000 feet of pine lumber, 41,000 feet of which was shipped in that year, and on September 7, 1920, the bill in this cause was filed to recover damages for failure to deliver the balance.

The chancellor entered a decree in favor of the complainant for $1,514.

The record indicates that time was of the essence of the contract. The lumber was to be shipped promptly, which, in the parlance of the lumber trade, means within a few weeks to fill a special order. It was not shipped promptly, but this provision of the contract was waived by the purchaser, and for two years the complainant wrote letters to the defendant, calling upon it to ship the lumber. The defendant, for a time, replied to said letters, and offered various excuses for its failure to ship, but finally ignored the letters of complainant altogether.

On December 11, 1919, the complainant wrote the defendant the following letter, to wit:

"Gentlemen: Order No. 3103—Altoona, Pa. 3153—Ashtabula, O.

"We are very much disappointed, indeed, to find you have paid absolutely no attention to the last half dozen letters we have written you regarding our two orders as

noted above, notwithstanding the fact you assured us months ago they would be shipped, the delay up to that time having been due to your mill connections not following out their contract with you, also that they had been held up on account of weather conditions.

"We are at a loss to understand your silence on these two orders. Your mill connections are not in line with the manner in which you formerly did business with us.

"Please let us hear from you, stating what you propose doing for us, for in the event something is not done immediately we will be compelled to take some drastic action to protect our interests."

It thus appears that when said letter was written the complainant considered said contract in force.

In *Wildberg Box Co.* v. *Darby,* 143 Tenn., 81, 223 S. W., 857, this court quoted approvingly from Corpus Juris as follows:

"So, where the time fixed by the contract for performance is permitted to pass, both parties concurring. the time of performance thereafter becomes indefinite, and one party cannot rescind until full notice and a reasonable time for performance is given."

Other authorities to the same effect were cited, and this doctrine was later approved by this court in *Tennessee Fertilizer Co.* v. *International Agr. Corporation,* 146 Tenn., 450, 243 S. W., 81.

The effect of these decisions is that where the time limit has been waived before the purchaser can terminate the contract and sue for its breach he must notify the seller to perform within a reasonable time.

In the letter of December 11, 1919, the purchaser did not expressly demand a performance, and did not inform

the seller that it could have a reasonable time within which to comply with his contract. He called the defendant's attention to the fact that it had not lived up to its agreement, and asked it to state what it proposed to do, and then threatened to take drastic action if something were not done immediately.

If the letter be construed as a notice to ship the lumber, it was nevertheless deficient in that it demanded immediate shipment instead of extending to the defendant a reasonable time within which to ship. Had it been given a reasonable time, it might have complied, while, on the other hand, an immediate shipment might have been an impossibility.

Where, as in this cause, the time limit has expired, and for two years the parties keep the contract alive, before either can terminate same he should notify the other of such an intention and then give him a reasonable time within which to comply. This is a simple procedure and prevents injustice to either party.

In the Wildberg Case it was intimated that the notice should fix a definite time within which to perform the contract, but we deem that unnecessary. It is sufficient to notify the defendant that unless he performs within a reasonable time the contract will be terminated and suit instituted for its breach.

Holding, as we do, that the notice in this cause was insufficient, it results that the decree of the chancellor will be reversed and the bill dismissed.

Each party will pay one-half of the costs accrued in both courts.