McKAY CARRIAGE CO. *v.* SOUTHERN LUMBER & MFG. CO.

(*Nashville.* December Term, 1923.)

SALES: Buyer's lettrs to seller held reasonable notice before suing for breach.

A buyer's letter to the seller, after frequent insistent demands for shipment, stating that if the seller showed no disposition to ship the lumber the buyer would place the matter in the hands of its attorney, and a subsequent letter stating, "If we do not hear from you inside of a week, our copy of order," etc., "will be forwarded to our attorney," *held* a sufficient compliance with the rule requiring a buyer, after waiving the seller's breach in failing to deliver at the time fixed, to give reasonable notice of his intention to cancel before suing for damages, especially as the claim was not placed with its attorney until sixty days after the first letter.

Case cited and distinguished: Vosburg v. So. Lbr. & Mfg. Co., 147 Tenn., 647.

---

FROM DAVIDSON.

---

Error to the Chancery Court of Davidson County.— HON. JOHN R. AUST, Chancellor.

MANIER & CROUCH, for McKay Carriage Co.

A. W. AKERS, for So. Lbr. & Mfg. Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit for damages for breach of a contract to ship a car of lumber. A definite date for performance was originally fixed, which defendant failed to comply with. Complainant waived this actionable breach, assurances being given of early performance, which were not carried out, despite repeated demands over a long period; but prior to January 7, 1920, no notice was given the defendant that shipment must be made by a time fixed, or within a reasonable time, else a breach would be enforced —notice substantially in either form being sufficient to justify a declaration of breach and action thereon under the ruling in *Vosburg* v. *So. Lumber & Mfg. Co.*, 147 Tenn., 647, 251 S. W., 41, in which this court said:

"In the Wildberg Case it was intimated that the notice should fix a definite time within which to perform the contract, but we deem that unnecessary. It is sufficient to notify the defendant that unless he performs within a reasonable time the contract will be terminated and suit instituted for its breach."

On January 7, 1920, complainant wrote defendant, who had persistently failed to respond to requests theretofore made, that—

"If you show any disposition to ship this lumber, or adjust the matter satisfactorily, all well and good. But if not we are going to place the matter in the hands of our attorney."

This was, in effect a notice (1) to perform within a reasonable time, giving opportunity therefor, and (2) that otherwise legal proceedings would be instituted. Moreover, the proof shows that a reasonable time was thereafter, in fact, given; the claim not being placed with attorneys until March 9th, 60 days later.

But, again, on February 23d following, complainant wrote, having received no reply to the letter of January 7th, and said:

"If we do not hear from you inside of a week, our copy of order, together with your acknowledgment covering this, etc., will be forwarded to our attorney."

The weight of the evidence shows the delivery to defendant of both of these letters.

This, in effect, was the fixing of a definite time, coupled with a reiteration of notice of legal action to be taken in case of failure to perform.

It is said that the time was unreasonably short, but (1) this limitation follows and must be construed together with the former frequent insistent demands for shipment, which had put defendant upon notice of the needs of complainant and of its expectation of performance by defendant; and particularly the reasonable notice given expressly in the letter supra of January 7th; and (2), with respect to the insistence that the contract called for delivery at a point too far distant to admit of compliance within the time stated, it will be observed that complainant's demand was limited to an expression of purpose only —"whether or not you expect to ship" and certainly compliance to this extent was altogether feasible. In other words, the way was left open for defendant, upon an indication only of a definite intention to perform, to make actual delivery at the contract destination within a reasonable time in avoidance of the breach.

As already indicated, the steps taken constitute a compliance on the part of complainant with the rule requiring a buyer, after waiver of a breach for failure of the seller

to deliver at a time fixed, to give reasonable notice of his intention to cancel before his right to enforce a breach will accrue.

A recent unreported opinion by Special Justice MORRISON, in *Mershon Lumber Co.* v. *So. Lumber & Mfg. Co.,* is cited as to some degree in conflict with the Vosburg opinion. Analysis reveals no inconsistency. The word "immediately," quoted from the notices in both cases, is used in an essentially different sense. In the Vosburg Case performance was required immediately. In the Mershon Case commitment only to performance was required to be made immediately. The distinction is sound. It is illustrated in the instant case in which the demand, as already indicated, was for a response, an expression of intention, or purpose to perform, rather than instant performance itself. When a defaulting party has so acted as to justify the suspicion that he does not intend to perform his contract, it is proper for the other party to demand an expression from him of his purpose.

As to the measure of damages we think there was, in substance, a concurrent finding; the chancellor having decreed a sum less than that reported by the master. Of this appellant cannot complain. Moreover, without a detailed discussion, we are of opinion that the proof sustains the decree in this regard.

The assignments must be overruled, and the decree of the chancellor affirmed.