HOUSTON BROS. *v*. DICKSON PLANING MILL.

(*Nashville.* December Term, 1928.)

Opinion filed April 13, 1929.

W. O. Hake and McGugin & Evans, for complainant, appellant.

J. A. Clement, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit to recover damages for breach of contract. The suit was dismissed by the chancellor and his decree was affirmed by the Court of Appeals. This court has granted the complainants' petition for *certiorari*.

The defendant, located at Dickson, Tennessee, in February, 1925, entered into a contract with the complainants, located at Vicksburg, Mississippi, for two hundred thousand feet of lumber at prices stipulated f. o. b. Dickson. The contract provided for inspection according to

the rules of the National Hardwood Lumber Association and the answer admits that this inspection was to be made "at the point of shipment," to-wit, Vicksburg, Mississippi. The contract called for April delivery.

It was the duty of the defendant to send its inspector to Vicksburg to take up the lumber but the defendant made no move in that direction prior to April, 1925, nor any move whatever toward fulfilling the contract prior to June 29, 1925. On that date complainants wrote defendant to send an inspector down. The defendant replied on July 1, 1925, "that the lumber was due to be shipped sometime ago, and not hearing from you, we took it for granted that you did not care to let us have it and cancelled the order on our books."

On July 3, 1925, the complainants wrote to defendant, declining to permit the order to be cancelled and requesting that defendant "send your man here at once to receive the stock, and will ask that you advise us by return mail when we may expect him."

The defendant sent no inspector to Vicksburg. If there was any further correspondence between the complainants and the defendant after July 3, 1925, until October 6, 1925, the record does not disclose it.

On October 6, 1925, W. O. Hake, Esq., of Dickson, Tennessee, wrote to the defendant that complainants' claim had been placed in his hands for the purpose of bringing suit thereon; that complainants claimed $1000 damages for breach of said contract; that he was writing the letter as a matter of courtesy before entering suit; and inviting the defendant to call and see him.

It appears that thereafter the defendant made an offer to take the lumber at a reduced price and later made an offer to take the lumber at the contract price, both of

which offers Mr. Hake, acting for the complainants, declined. The complainants did agree to settle their claim upon the basis of payment in full and attorney's fees, which offer the defendant did not accept. A little later this suit was brought with the results stated above.

█ We think that the complainants are entitled to recover. The defendant undoubtedly breached its contract. It did not send an inspector to Vicksburg to take up the lumber for April delivery. Complainants might have claimed a breach then. Complainants, however, permitted the time for performance of the contract to be postponed and did not call on the defendant for performance until June 29, 1925. Defendant thereupon proposed to cancel the order, which proposition the complainants refused, as they were entitled to do.

It was thereupon the duty of the complainants to give defendant notice to perform and to allow defendant reasonable time for performance of the contract. *Wildburg Box Co.* v. *Darby,* 143 Tenn., 81; *Tennessee Fertilizer Co.* v. *International Agr. Corp.,* 146 Tenn., 451; *Vosburg* v. *Southern Lumber & Mfg. Co.,* 147 Tenn., 647.

█ If no period of time is required for the performance of the next step to be taken by the defaulting party, it is proper for the other party to demand that the party in default proceed at once or immediately. *Lamborn & Co.* v. *Green & Green,* 150 Tenn., 38. The complainants demanded that an inspector be sent down at once, in the letter of July 3 heretofore referred to, and that defendant advise by return mail when the inspector would come.

█ The defendant having made no reply and sent no inspector to Vicksburg, after waiting until October, 1925, the complainants placed their claim in the hands of an

attorney to sue for damages for nonacceptance of the goods. See Section 64, chapter 117, Acts of 1919. After the seller had thus made this unequivocal election, the buyer was not entitled to reinstate the contract, and the seller was within his rights in refusing to accept the buyer's offer to perform.

*Inman* v. *Cotton Mills*, 116 Tenn., 141; Williston on Sales, Section 585c *et seq.*, and other authorities cited in the opinion of the Court of Appeals have nothing to do with this case. These authorities deal with cases of anticipatory breach. In such cases if one party refuses to accept a cancellation, attempted by the other prior to the time of performance, the contract is kept open for the benefit of both parties until the time of performance arrives. In this case the time of performance had passed before the defendant undertook to repudiate. The refusal of the complainants to accept the cancellation of the order, accompanied by demand to perform, merely amounted to a declaration of their intention to hold the defendant to the contract and did not operate to extend the time of performance beyond a period necessary for performance.

For the reasons stated, the decree of the Court of Appeals and the decree of the chancellor must be reversed. The proof as to damages offered by the complainants is not satisfactory. Complainants are entitled to the difference between the market price of the lumber at Dickson and the contract price at that place, say as of July 15, 1925. That is a reasonable time for inspection and shipment after the demand made on defendant by letter of July 3, 1925. The complainants have offered some evidence of the market price at Dickson in July, 1925, but this proof comes from Memphis and Mississippi dealers

and is not entirely conclusive. The case will therefore be remanded for a reference upon the question of damages, to be determined as just above indicated. The defendant will pay the costs of the cause so far accrued.